IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NICHOLAS STRICKLAND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:06-CV-00682-DRB |
| | ) | |
| CHAMPION ENTERPRISES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### O R D E R ON MOTION

After due consideration of supporting and opposing submissions, it is

**ORDERED** that the *Motion to Dismiss or, in the Alternative Motion for Summary Judgment,* filed by Defendant Champion Enterprises, Inc (Doc. 5, August 4, 2006) is **DENIED** *to the extent of its request for* **dismissal** [1] *and to the extent of its request for Summary Judgment, ruling is reserved pending completion of the limited discovery herein allowed.*

In allowing such limited discovery, the court makes no judgment that David N. Goltz, Associate General Counsel of Champion Enterprises, Inc., is an inadequate corporate representative or that his supporting affidavit is deficient under Rule 56(e). Instead, given the absence of any discovery at all in this removed action, the court finds both reasonable and

---

[1] Notwithstanding the caption of this *Motion*, the court's consideration of the Affidavit attached as the sole supporting exhibit dictates treatment of the alternative *Motion* solely as a summary judgment motion, a fact acknowledged as follows by the movant: "As matters outside the pleading are being presented, it is respectfully requested that this pleading be treated as one for summary judgment." (*Mot*. at 4). *See* Rule 12(b)(6) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.")

not prejudicial to the movant defendant the Plaintiff's request for discovery which is at least sufficient for a fact-based response to the matters averred in the affidavit which is not filed with "sworn or certified copies of [the] papers or parts thereof referred to [therein]." *See* Rule 56(e). The court does not find reasonable, however, Plaintiff's requested period of 90 days to complete necessary discovery, and instead will set deadlines designed to expedite a prompt resolution of this motion and the convening of the parties' Rule 26(f) discovery planning conference prior to December 31, 2006. Accordingly, it is

**ORDERED** that the parties honor the following *schedule for limited discovery and further submissions on the still-pending motion of Defendant Champion Enterprises, Inc. for summary judgment (Doc.5):*

1. Counsel for Plaintiffs and both designated defendants shall confer jointly not later than September 26, 2006, to reach consensus on a discovery plan which shall be limited to the sole issue pending in the summary judgment motion and completed not later than November 6, 2006.

Defendants' Counsel shall be prepared to identify at the joint conference an appropriate corporate representative who can be deposed within 30 days on the matters averred in the Affidavit of David N. Goltz[2], and counsel shall undertake to schedule the

---

[2]An "appropriate" corporate representative should be prepared based on personal knowledge, position, experience, and/or familiarity with defendants' business operations, practices, and records, to be examined on the two critical facts averred in the affidavit supporting the pending summary judgment motion: (1) that Champion Enterprises did not design, supply, sell or manufacture the manufactured home allegedly purchased by Plaintiffs, and (2) that no facts can establish Champion Enterprises as an alter ego of Champion Home
(continued...)

deposition at that time based on counsel's good-faith agreement to present the deponent at the agreed-upon time and place. Deposition testimony shall be limited as ordered and neither party shall be deemed to have waived the opportunity to depose at a later time the same corporate representative on matters relevant to the substantive claims and defenses underlying this litigation. Nothing in this ORDER shall be construed to authorize any discovery on any substantive claims or defenses, and instead, it is the intent of the Court to limit discovery solely to the issue pending in the summary judgment motion.

Plaintiffs' counsel shall be prepared at the joint conference to identify any records or documents – including any referred to in, or implicated by, the "Goltz" Affidavit– which are reasonably necessary for review in order to respond to the facts made relevant for this limited discovery. Counsel are directed to cooperate reasonably to accommodate delivery of requested records and documents within two weeks after request, and in any event, at least seven business days before any scheduled deposition.

2. Defendant Champion Enterprises, Inc. may file any supplemental affidavits or other submissions in support of its summary judgment motion not later than November 17, 2006. Plaintiffs shall file any opposition to the summary judgment not later than December 1, 2006. The parties are advised of the court's intent to issue its ruling expeditiously and to schedule as well a deadline for the parties' discovery planning conference.

---

[2](...continued)
Builders, Co., Inc. sufficiently to hold the former liability for alleged torts of the latter corporation. This Court does not intend by anything in this Order to bar the selection of Atty. Goltz as the appropriate corporate representative for Champion Enterprises.

DONE THIS 12TH DAY OF SEPTEMBER, 2006.

                                            **/s/ Delores R. Boyd**
                                            Delores R. Boyd
                                            United States Magistrate Judge