IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

NICHOLAS STRICKLAND, *et al.,*                    *
                                        *
      Plaintiffs,                                       *
                                          *
v.                                                *      Case Number:  1:06-CV-00682-DRB
                                          *
CHAMPION ENTERPRISES, INC., *et al.,*             *
                                          *
      Defendants.                                      *

## MOTION TO STRIKE

**COMES NOW**, Champion Enterprises, Inc. (hereinafter referred to as "CEI"), by and through counsel of record, and moves this Honorable Court to strike Exhibit I, including any documents purporting to support statements in said exhibit and any and all references to Exhibit I in Plaintiff's Response to Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (hereinafter referred to as "Plaintiff's Response") and in support thereof states as follows:

      1.     In this Honorable Court's Order on Motion (Doc. No. 12) entered the 12th day of September, 2006, a discovery deadline was set requiring all discovery to be completed no later than November 6, 2006.

      2.     CEI propounded its discovery to plaintiffs on the 3rd day of October, 2006, a true and correct copy of which is attached hereto as Exhibit "A" and made a part hereof by reference.

      3.     On the 2nd day of November, 2006, plaintiffs filed unsigned responses to CEI's discovery requests, a true and correct copy of which is attached hereto as Exhibit "B" and made a part hereof by reference.  The responses were vague and incomplete and absolutely no documents were produced.

4.    By correspondence dated the 3rd day of November, 2006, counsel for CEI demanded appropriate responses and an opportunity to inspect and copy all documents. A true and correct copy of said correspondence is attached hereto as Exhibit "C" and made a part hereof by reference.

5.    On or about the 6th day of November, 2006, the last day discovery could be conducted, plaintiffs forwarded Plaintiffs' Amended Responses to Defendant Champion Enterprises, Inc.'s Interrogatories and Request for Production of Documents to Plaintiffs (hereinafter referred to as the "Amended Responses") and produced only three (3) pages of documents. A true and correct copy of the Amended Responses and production is attached as Exhibit "C" to CEI's Supplement to Motion to Dismiss or, in the alternative, Motion for Summary Judgment (hereinafter referred to as "CEI's Supplement") and made a part hereof by reference.[1]

6.    In CEI's discovery requests, plaintiffs were asked to provide everything that supported the contention CEI designed, supplied, sold or manufactured the Manufactured Home (Ex. C to CEI's Supplement, Int. No. 1); everything that supports the contention CEI is the parent corporation and/or alter ego of Champion Home Builders Co. (hereinafter referred to as "CHB") (Ex. C to CEI's Supplement, Int. No. 2); everything that supports the contention that CEI and CHB are not separate and distinct corporations (Ex. C to CEI's Supplement, Int. No. 3); and every document referred to in preparing the answers to the interrogatories (Ex. C to CEI's Supplement, Int. No. 4). Plaintiffs failed to disclose the Affidavit given by Edward W. Sauls

---

1 As set forth in CEI's Supplement, the Amended Responses were not signed as required by the Federal Rules of Civil Procedure and as of the date of this filing, no signed responses have been produced by the plaintiffs. (CEI's Supplement, FN2).

marked as Exhibit I to Plaintiffs' Response or such documents attached to it and referenced within the Affidavit.

7.     The Affidavit of Edward Sauls attached to Plaintiffs' Response was signed on the 21st day of November, 2006, some fifteen (15) days after the discovery deadline expired. (Ex. I to Plaintiffs' Response). Therefore, the disputed contentions in the Affidavit, along with the attached documents, were not provided within the discovery deadline.

8.     In addition to the above, the Affidavit of Edward W. Sauls fails to provide the qualifications necessary in order to establish that Mr. Sauls has the expertise to interpret Form 10K Reports, and demonstrates a complete lack of understanding of corporate filing requirements.    Additionally, the Affidavit of Edward W. Sauls contains conclusory and unsupported statements based upon faulty interpretations. "[A]n expert opinion which is merely conclusory, even if couched in the language of the relevant legal standard, will be of little assistance to a court." *Dolihite v. Maughon*, 74 F.3d 1027, 1046 n. 33 (11th Cir.1996) citing *Rogers v. Evans*, 792 F.2d 1052, 1062 n. 9 (11th Cir.1986) (approving lower court's order striking affidavit of medical expert where the affidavit was "phrased in conclusory terms without citing facts" and concluding that the affidavit was "defective to create a factual dispute"); see also *Evers v. General Motors*, 770 F.2d 984, 986 (11th Cir.1994) (conclusory allegations without specific supporting facts have no probative value and cannot defeat a well-supported motion for summary judgment); *Bloodsworth v. Smith & Nephew, Inc.* 2006 WL 3364467, *6 (M.D.Ala. Nov.20, 2006) (expert opinion which was conclusory and devoid of any factual support did not did not meet the plaintiffs' burden of presenting "affirmative evidence in order to defeat a properly supported motion for summary judgment") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514 (1986)).

**WHEREFORE PREMISES CONSIDERED**, CEI prays that this Honorable Court will strike Exhibit I, including any documents purporting to support statements in said exhibit and any and all references to Exhibit I in Plaintiff's Response and for such other or different relief as is just.

Respectfully submitted,

**RITCHEY & RITCHEY, P.A.**

Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Home Builders Co.
and Champion Enterprises, Inc.

**OF COUNSEL:**
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:     205.271.3105
Facsimile:      205.271.3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 4th day of ____Dec____, 200 6, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103



OF COUNSEL

4



**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **NICHOLAS STRICKLAND, *et al.,*** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Case Number: 1:06-CV-00682-DRB** |
| | * | |
| **CHAMPION ENTERPRISES, INC., *et al.,*** | * | |
| | * | |
| **Defendants.** | * | |

## CHAMPION ENTERPRISES, INC.'S LIMITED INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

**COMES NOW** Champion Enterprises, Inc. (hereinafter referred to as "CEI") and requests that a response to each of the following discovery requests under oath, in writing, separately, in the fullest detail possible, within the time and manner set forth by the applicable rules of civil procedure and in accordance with the definitions and instructions set forth below. The responses shall be signed by the person making them, and a copy of the responses, together with objections, if any, shall be served no later than thirty (30) days after the service of these discovery requests.

You are under a duty seasonally to supplement your responses with respect to any discovery request directly addressed to (1) the identity and location of persons having knowledge of discoverable matters, and (2) the identity of each person expected to be called as an expert witness at a trial, the subject matter on which he or she is expected to testify, and the substance of his or her testimony. In addition, you are under a duty to amend a prior response if you obtain information on the basis of which you know the response was incorrect when made, or the

response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

You are required to furnish all information available to you, including information in the possession of your attorney or any person acting on your behalf. If you cannot respond to any particular request in full after exercising due diligence to secure the information sought, so state and produce to the extent possible, identifying your inability to produce the remainder and reasons therefore.

If you contend that you are entitled to withhold the information sought by any request, or sub-paragraph thereof, on the basis of some constitutional, statutory, or common law privilege, or any other ground, then with respect to each and every request, do the following:

(a)     Describe the nature of said privilege;

(b)     State the factual and legal basis upon which you contend that you are entitled to withhold the information or documents from the discovery process; and

(c)     State the identity of the person, firm, or corporation asserting said privilege.

If any documents identified herein are no longer in your possession, custody or control because of destruction, loss or other reason, then do the following with respect to each and every such document:

(a)     describe the nature of the document (i.e., letter or memorandum);

(b)     State the date of the document;

(c)     Identify the person who sent and received the original and any and all copies of the document;

(d)     State in as much detail as possible the contents of said document;

(e)     Identify each person having knowledge concerning such disposition; and

(f)    State the manner and the date of disposition of the document and any and all reasons thereof.

## DEFINITIONS

A.    As used herein, the terms "you", "your", or "yourself", refer to each Plaintiff (whether one or more) and to each of the agents, representatives and attorneys, along with each person acting or purporting to act on said person's behalf.

B.    As used herein, the terms "representative" means any and all agents, employees, servants, officers, directors, attorneys or other persons acting or purporting to act on behalf of the persons in question.

C.    As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including division, department and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

D.    As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between and among two or more persons.

E.    As used herein, the term "document" or "documentation" mean any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, or any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), computer entry, whether on hard drive, disk or printed out, invoice, bill, order form, receipt,

financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, facsimile, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, infra-red film or any other film, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control.

      F.    Each of the terms "identify", "identity" or "identification" or words of like import, means (1) when referring to a natural person, to provide information sufficient to notice a deposition of such person and to serve such person with process requiring his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address; the last date when such address was known or believed to be correct; his or her present or last known business affiliation, title or occupations, and each of his or her positions, titles or job descriptions during the applicable period of time covered by any answer referring to such person, and (2) when used in reference to a document including, without limitation, any business record, each such term means to provide information of such document sufficient to properly identify each document in a subpoena or by a request to produce pursuant to the applicable rules of civil procedure, and shall include, without limitation, and separately stated to each document its date; the name, address, professional title, job description, position and legal technical background of its author; the name, address and position of its recipient and each and every person receiving a copy; a general description of its subject matter and contents (in lieu of such description a copy, properly identified to the relevant interrogatory, may be attached to your answers); the name, file number or other designation or description of each and

every file known to contain a copy; the name and address of the present custodian of each copy, including the original, and a description of the circumstances under which it was prepared, issued, mailed, sent or received and to or by whom it was issued, mailed, sent or received.

G.    Unless otherwise specified, each interrogatory relates to, covers and requests information for any and all periods prior to the date answers are filed and requires a continuing answer.

H.    When an interrogatory requires you to "state the basis of" a particular claim, contention or allegation, state in your answer the identity of each and every communication and each and every legal theory that you think supports, refers to or evidences such claim, contention or allegation.

I.    As used herein, the word "or" appearing in an interrogatory or request should not be read so as to eliminate any part of the interrogatory or request but, whenever applicable, it should have the same meaning as the word "and". For example, an interrogatory stating "support or refer" should be read as "support and refer" if any answer that does both can be made.

J.    When directed to more than one party, these requests should be answered separately by all parties.

K.    As used herein, the singular should include the plural and any plural should separately include each of several singulars.

L.    As used herein, the word "Dealer" refers to Dothan Manufactured Housing, LLC d/b/a Palm Harbor Home Center.

M.    As used herein, the term "Warranty" refers to any warranty you claim was extended by CEI.

N.     As used herein, the term "Contract" refers to any retail installment contract or purchase contract of or concerning the Manufactured Home.

O.     As used herein, the term "Manufactured Home" refers to the manufactured home made the subject of this civil action.

P.     When answering or providing documentation described or called for in this discovery request, the party providing such answers or documentation should separate each response and distinguish which documents are responsive to which discovery request.  Such response may be by category or reference to a specific numbered discovery request.

## I. FIRST INTERROGATORIES

1.     Please "identify" everything you claim supports the contention that CEI designed, supplied, sold or manufactured the Manufactured Home.

2.     Please "identify" everything you claim supports your contention that CEI "is the parent corporation and/or alter ego of Defendant Champion Home Builders, Co." as alleged in the Complaint.

3.     Please "identify" everything you claim supports the contention that CEI and Champion Home Builders Co. are not separate and distinct corporations.

4.     Please "identify" each document referred to by you in preparing to answer or in answering these interrogatories.

## II. FIRST REQUEST FOR PRODUCTION

The Defendant, CEI, requests the following documents be produced within the time and manner set forth by the applicable rules of civil procedure, at the office of Ritchey & Ritchey, P.A., whose address is shown below, or at such other place as may be agreed upon if there is an objection to the production at said office:

1.    All "documents" or "communications" that came with the Manufactured Home or was received from CEI of or concerning the Manufactured Home, including, but not limited to warranties, service manuals, owner's manuals, set up instructions, repair records, correspondence, etc.

2.    All "documents" or "communications" concerning the Manufactured Home transmitted or delivered by you, or by anyone acting on your behalf, to CEI.

3.    All "documents" or "communications" you claim supports the contention that CEI designed, supplied, sold or manufactured the Manufactured Home.

4.    All "documents" or "communications" you claim supports your contention that CEI "is the parent corporation and/or alter ego of Defendant Champion Home Builders, Co." as alleged in the Complaint.

5.    All "documents" or "communications" you claim supports any contention that CEI and Champion Home Builders Co. are not separate and distinct corporations.

6.    All "documents" or "communications" evidencing any warranties you claim you were given by CEI in regard to the Manufactured Home.

Respectfully submitted,

**RITCHEY & RITCHEY, P.A.**

_____
Gregory S. Ritchey, Esquire{ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Enterprises, Inc.

OF COUNSEL:
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, AL 35259-0069
Phone:        205.271.3100
Facsimile    205.271.3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the foregoing has been served upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103

by placing a copy of same in the United States Mail, postage prepaid, on this the 3ʳᵈ _____ day of _October_____, 200_6_

**OF COUNSEL**

8 of 8



EXHIBIT

tabbies®

13

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

NICHOLAS STRICKLAND, et al.,                    *
                                                *
        Plaintiffs,                             *
                                                *    Case Number: 1:06-CV-682
v.                                              *
                                                *
CHAMPION ENTERPRISES, INC., et al.              *
                                                *
        Defendants.                             *

### PLAINTIFF'S RESPONSE TO DEFENDANT CHAMPION ENTERPRISES, INC.'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Plaintiffs Nick and Jennifer Strickland hereby respond to Defendant Champion Enterprises, Inc.'s Limited Interrogatories and Request for Production of Documents as follows.

### General Objections

1.      The objections to the pending discovery made by Plaintiff are made without waiver of, or prejudice to, additional objections that Plaintiff may make. All such objections are hereby expressly preserved, as is the right to move for a protective order. Plaintiff also reserves all objections to the admissibility at trial of any information provided.

2.      Plaintiff objects to the discovery to the extent each interrogatory and request for production has absolutely no relevance to the proceedings before the Middle District of Alabama and is not calculated to lead to the discovery of admissible evidence.

3.     The supplying of any information does not constitute an admission by Plaintiff that such information is relevant in this action.   All information provided by Plaintiff is for use in this litigation only; that is, to be used for no other purpose.

4.     Plaintiff objects to each and every discovery request to the extent the documents or information called for, if any, are privileged.   In particular, Plaintiff objects to each and every discovery request to the extent the documents or information called for, if any, are protected by the attorney-client privilege and/or work product doctrine.   Plaintiff also states that any inadvertent production or disclosure of privileged material is not intended, or should not be construed, as a waiver of privilege, and Plaintiff reserves the right to seek the return of any such material and, further, to object to its use.

5.     Plaintiff objects to each and every discovery request to the extent it seeks to vary the obligations imposed upon Plaintiff under the Alabama Rules of Civil Procedure.

6.     Plaintiff objects to each and every discovery request to the extent it is vague, ambiguous, overly broad, oppressive, unduly burdensome, or unduly expensive.

7.     Plaintiff objects to each and every discovery request to the extent it seeks confidential or proprietary information.   Similarly, Plaintiff reserves the right to redact confidential or proprietary information from any document that is produced.

8.    Any production to occur at a later date will occur at a mutually convenient time and place.

## INTERROGATORIES

1.    Please "identify" everything you claim supports the contention that CEI designed, supplied, sold or manufactured the Manufactured Home.

**RESPONSE:        Plaintiffs object to this Interrogatory on the grounds it is overly broad; unduly burdensome; seeks information or documents protected by the attorney client and/or work product doctrine; and/or requests information that is held in the opinions of the plaintiffs' expert witnesses that is premature for discovery at this time under FRCP 26(c). Additionally, there are documents and information in the possession of the defendant(s)' that the plaintiffs seek to discover and use in support of their allegations, and these discovery responses will be supplemented as discovery develops and pretrial disclosures are made in compliance with the Federal Rules of Civil Procedure and this Court's scheduling order. Furthermore, there is information responsive to this interrogatory that is in the possession of the Federal and State Government Agencies and other third parties that is as easily obtained by the defendants as obtained by the plaintiffs. Without waiving these objections, Plaintiffs will produce all documents that, at this time are in their possession, custody and control that are not protected or subject to the above referenced objections at a mutually agreed upon time and place for inspection, copying and review.**

2.    Please "identify" everything you claim supports your contention that CEI "is the parent corporation and/or alter ego of Defendant Champion Home Builders, Co." as alleged in the Complaint.

**RESPONSE:**    **Plaintiffs object to this Interrogatory on the grounds it is overly broad; unduly burdensome; seeks information or documents protected by the attorney client and/or work product doctrine; and/or requests information that is held in the opinions of the plaintiffs' expert witnesses that is premature for discovery at this time under FRCP 26(c). Additionally, there are documents and information in the possession of the defendant(s)' that the plaintiffs seek to discover and use in support of their allegations, and these discovery responses will be supplemented as discovery develops and pretrial disclosures are made in compliance with the Federal Rules of Civil Procedure and this Court's scheduling order. Furthermore, there is information responsive to this interrogatory that is in the possession of the Federal and State Government Agencies and other third parties that is as easily obtained by the defendants as obtained by the plaintiffs.   Without waiving these objections, Plaintiffs will produce all documents that, at this time are in their possession, custody and control that are not protected or subject to the above referenced objections at a mutually agreed upon time and place for inspection, copying and review.**

3.    Please "identify" everything you claim supports the contention that CEI and Champion Home Builders Co. are not separate and distinct corporations.

4

RESPONSE:       Plaintiffs object to this Interrogatory on the grounds it is overly broad; unduly burdensome; seeks information or documents protected by the attorney client and/or work product doctrine; and/or requests information that is held in the opinions of the plaintiffs' expert witnesses that is premature for discovery at this time under FRCP 26(c). Additionally, there are documents and information in the possession of the defendant(s)' that the plaintiffs seek to discover and use in support of their allegations, and these discovery responses will be supplemented as discovery develops and pretrial disclosures are made in compliance with the Federal Rules of Civil Procedure and this Court's scheduling order. Furthermore, there is information responsive to this interrogatory that is in the possession of the Federal and State Government Agencies and other third parties that is as easily obtained by the defendants as obtained by the plaintiffs.   Without waiving these objections, Plaintiffs will produce all documents that, at this time are in their possession, custody and control that are not protected or subject to the above referenced objections at a mutually agreed upon time and place for inspection, copying and review.

4.      Please "identify" each document referred to by you in preparing to answer or in answering these interrogatories.

RESPONSE:       Plaintiffs object to this Interrogatory on the grounds it is overly broad; unduly burdensome; seeks information or documents protected by the attorney client and/or work product doctrine; and/or requests information that is held in the opinions of the plaintiffs'

expert witnesses that is premature for discovery at this time under FRCP 26(c). Additionally, there are documents and information in the possession of the defendant(s)' that the plaintiffs seek to discover and use in support of their allegations, and these discovery responses will be supplemented as discovery develops and pretrial disclosures are made in compliance with the Federal Rules of Civil Procedure and this Court's scheduling order. Furthermore, there is information responsive to this interrogatory that is in the possession of the Federal and State Government Agencies and other third parties that is as easily obtained by the defendants as obtained by the plaintiffs.  Without waiving these objections, Plaintiffs will produce all documents that, at this time are in their possession, custody and control that are not protected or subject to the above referenced objections at a mutually agreed upon time and place for inspection, copying and review.

_____
Nicholas Strickland

**Sworn to and subscribed before me on this _____ day of _____, 2006.**

_____
NOTARY PUBLIC
My Commission Expires:

_____
Jennifer Strickland

**Sworn to and subscribed before me on this _____ day of _____, 2006.**

_____
NOTARY PUBLIC
My Commission Expires:

## FIRST REQUEST FOR PRODUCTION

1.    All "documents" or "communications" that came with the Manufactured Home or was received from CEI of or concerning the Manufactured Home, including, but not limited to warranties, service manuals, owner's manuals, set up instructions, repair records, correspondence, etc.

**RESPONSE:        Plaintiffs will produce all documents that, at this time are in their possession, custody and control at a mutually agreed upon time and place for inspection, copying and review.**

2.    All "documents" or "communications" concerning the Manufactured Home transmitted or delivered by you, or by anyone acting on your behalf, to CEI.

**RESPONSE:        Plaintiffs will produce all documents that, at this time are in their possession, custody and control at a mutually agreed upon time and place for inspection, copying and review.**

3.    All "documents" or "communications" you claim supports the contention that CEI designed, supplied, sold or manufactured the Manufactured Home.

**RESPONSE:        Plaintiffs object to this Request on the grounds it is overly broad; unduly burdensome; seeks information or documents protected by the attorney client and/or work product doctrine; and/or requests information that is held in the opinions of the plaintiffs' expert witnesses that is premature for discovery at this time under FRCP 26(c). Additionally, there are documents and information in the possession of the**

8

defendant(s)' that the plaintiffs seek to discover and use in support of their allegations, and these discovery responses will be supplemented as discovery develops and pretrial disclosures are made in compliance with the Federal Rules of Civil Procedure and this Court's scheduling order. Furthermore, there is information responsive to this request that is in the possession of the Federal and State Government Agencies and other third parties that is as easily obtained by the defendants as obtained by the plaintiffs. Without waiving these objections, Plaintiffs will produce all documents that, at this time are in their possession, custody and control that are not protected or subject to the above referenced objections at a mutually agreed upon time and place for inspection, copying and review.

4.    All "documents" or "communications" you claim supports the contention that CEI "is the parent corporation and/or alter ego of Defendant Champion Home Builders, Co." as alleged in the Complaint.

RESPONSE:        Plaintiffs object to this Request on the grounds it is overly broad; unduly burdensome; seeks information or documents protected by the attorney client and/or work product doctrine; and/or requests information that is held in the opinions of the plaintiffs' expert witnesses that is premature for discovery at this time under FRCP 26(c). Additionally, there are documents and information in the possession of the defendant(s)' that the plaintiffs seek to discover and use in support of their allegations, and these discovery responses will be supplemented as discovery develops and pretrial disclosures are made in compliance with

the Federal Rules of Civil Procedure and this Court's scheduling order. Furthermore, there is information responsive to this request that is in the possession of the Federal and State Government Agencies and other third parties that is as easily obtained by the defendants as obtained by the plaintiffs. Without waiving these objections, Plaintiffs will produce all documents that, at this time are in their possession, custody and control that are not protected or subject to the above referenced objections at a mutually agreed upon time and place for inspection, copying and review.

5.    All "documents" or "communications" you claim supports any contention that CEI and Champion Home Builders Co. are not separate and distinct corporations.

**RESPONSE:**    Plaintiffs object to this Request on the grounds it is overly broad; unduly burdensome; seeks information or documents protected by the attorney client and/or work product doctrine; and/or requests information that is held in the opinions of the plaintiffs' expert witnesses that is premature for discovery at this time under FRCP 26(c). Additionally, there are documents and information in the possession of the defendant(s)' that the plaintiffs seek to discover and use in support of their allegations, and these discovery responses will be supplemented as discovery develops and pretrial disclosures are made in compliance with the Federal Rules of Civil Procedure and this Court's scheduling order. Furthermore, there is information responsive to this request that is in the possession of the Federal and State Government Agencies and other third

parties that is as easily obtained by the defendants as obtained by the plaintiffs. Without waiving these objections, Plaintiffs will produce all documents that, at this time are in their possession, custody and control that are not protected or subject to the above referenced objections at a mutually agreed upon time and place for inspection, copying and review.

6.    All "documents" or "communications" evidencing any warranties you claim you were given by CEI in regard to the Manufactured Home.

RESPONSE:    Plaintiffs will produce all documents that, at this time are in their possession, custody and control at a mutually agreed upon time and place for inspection, copying and review.

C. 3U—
_____
C. Gibson Vance (ASB-1923-N77C)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document upon all counsel of record as listed below by placing the same in the United States mail, properly addressed and first class postage prepaid on this the 2nd day of November, 2006.

Gregory S. Ritchey, Esquire
Richard S. Walker, Esquire
Ritchey & Ritchey, P.A.
P.O. Drawer 590069
Birmingham, Alabama 35259-0069
greg@ritcheylaw.com
richard@ritcheylaw.com

_____
OF COUNSEL

LAW OFFICES OF
# RITCHEY & RITCHEY, P.A.

FERRIS S. RITCHEY, JR.
ALBERT E. RITCHEY
GEORGE M. RITCHEY
FERRIS S. RITCHEY, III
GREGORY S. RITCHEY
RICHARD S. WALKER
BRIAN J. RITCHEY
NICHOLAS RITCHEY

A PROFESSIONAL ASSOCIATION
1910 28TH AVENUE SOUTH
BIRMINGHAM, ALABAMA  35209-2604

e-mail: greg@ritcheylaw.com

MAILING ADDRESS:
P. O. DRAWER 590069
BIRMINGHAM, AL 35259-0069

TELEPHONE:      (205) 271-3100
TELECOPIER:     (205) 271-3111
DIRECT DIAL:    (205) 271-3105

**EXHIBIT**
**C**

November 3, 2006

**VIA FACSIMILE ONLY**
C. Gibson Vance, Esquire
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL  36103

Re:     **Nicholas Strickland, et al. v. Champion Enterprises, Inc.**
        **Serial No.: 011-03-621-20853**

Dear Gibson:

Thank you for forwarding a copy of the Plaintiff's Responses to Champion Enterprises Inc.'s Limited Interrogatories and Request for Production of Documents received in this office the afternoon of the 2nd day of November.  Unfortunately, not a single document was produced.  Further, some answers appear to be a vague or incomplete, and we respectfully ask that you please address the items set forth below and provide appropriate responses and documents on or before the 6th day of November, 2006, which is the discovery deadline.  Please also accept this correspondence as our Rule 37 endeavor to resolve a discovery dispute.

There were only four (4) interrogatories and six (6) requests for production and in reply to each, no response was given, other than objections and to say that plaintiffs will produce all documents at an agreed time, with no production provided.  We request that an inspection, copying and review take place at your office today, Friday, November 3, 2006 or Monday, the 6th day of November.  We also ask that you please advise immediately the approximate number of pages of documents to be produced as due to time constraints, we may simply send the documents to an outside copy center for production.

We appreciate your attention to the above and ask that you please get back with this office this morning.  If you have any questions, please feel free to call.

Yours very truly,

RITCHEY & RITCHEY, P.A.

Gregory S. Ritchey

GSR/sel

DATE:          November 3, 2006

TO:            C. Gibson Vance

FACSIMILE NO:  (334) 954-7555

FROM:          Gregory S. Ritchey

NUMBER OF PAGES (INCLUDING COVER SHEET):     2

Re:   *Nicholas Strickland, et al. v. Champion Enterprises, Inc.*
      *Serial No.: 011-03-621-20853*

---

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL 205/271-3112.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.  THANK YOU.

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 9-/13349547555 | NORMAL | 3, 7:58 | 0'48" | 2 | * O K | |

Nov 3 2006 7:58                                                          P.1

** Transmit Conf.Report **

Fax:205-271-3111