IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS STRICKLAND, et al., | * |
| Plaintiffs, | * |
| v. | * Case Number: 1:06-CV-682 |
| CHAMPION ENTERPRISES, INC., et al. | * |
| Defendants. | * |

## PLAINTIFFS' RESPONSE TO DEFENDANT CHAMPION ENTERPRISES INC.'S , MOTION TO STRIKE

COME NOW, the Plaintiffs by and through their undersigned counsel of record, and hereby move this Honorable Court to deny Champion Enterprises, Inc.'s Motion to Strike, and as grounds therefore, the Plaintiffs would state the following:

1. Defendant, Champion Enterprises, Inc. moves this Honorable Court to Strike the Affidavit of Plaintiffs' expert, Edward W. Sauls, and all documentation related thereto.

2. Defendant, Champion Enterprises, Inc. asserts that Plaintiffs had a duty to produce Mr. Sauls' affidavit in response to their discovery requests. Plaintiffs do not believe they had an obligation to provide Mr. Sauls' affidavit in response to Defendant's Discovery requests. In fact, Mr. Sauls' affidavit was not formulated until shortly before the date on which he signed it which was November 21, 2006.

3. Plaintiffs, have a right, pursuant to the Federal Rules of Civil Procedure, to support their Motion in Response to Defendant's Summary

Judgment Motion with Affidavits of Experts. That is what the Plaintiffs have done with the Affidavit of Mr. Sauls.

    4.    Additionally, the Defendant asserts Mr. Sauls "failed to provide the qualifications necessary in order to establish that Mr. Sauls has the expertise to interpret Form 10-K reports". This is inaccurate. Mr. Sauls, in his affidavit, states that he is a certified public accountant, and has been so for 35 years. Mr. Sauls also asserts that his public accounting experience has been in serving the business community in the areas of tax accounting and consulting services, including business evaluation. Also, Mr. Sauls attested in his affidavit that he is a member of NACVA (National Association of Certified Evaluation Analyst), and specializes in the field of business evaluation. 10-ks are often, if not always, used in the evaluation of businesses. Mr. Sauls has made it crystal clear he is qualified to review 10-ks.

    5.    Furthermore, the Defendant moves to strike Mr. Sauls' affidavit as being "merely conclusory". Mr. Sauls' affidavit speaks for itself. Mr. Sauls has adequately and completely supported each and every opinion in his affidavit with specific data and facts. There is nothing about Mr. Sauls' opinion that could be deemed "merely conclusory".

    Wherefore, based upon the above stated premises, Plaintiffs would respectfully request this Honorable Court deny Defendant Champion Enterprises, Inc.'s Motion to Strike.

/s/ C. Gibson Vance  
C. Gibson Vance (ASB-1923-N77C)

## CERTIFICATE OF SERVICE

    I hereby certify that on December 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following.

    Gregory S. Ritchey, Esquire
    Richard S. Walker, Esquire
    Ritchey & Ritchey, P.A.
    P.O. Drawer 590069
    Birmingham, Alabama 35259-0069
    greg@ritcheylaw.com
    richard@ritcheylaw.com

    /s/ C. Gibson Vance
    OF COUNSEL