IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS STRICKLAND, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Case Number: 1:06-CV-00682-DRB |
| CHAMPION ENTERPRISES, INC., *et al.*, | * |
| Defendants. | * |

**MOTION TO ALTER, AMEND OR VACATE OR, IN THE ALTERNATIVE,
MOTION FOR LEAVE TO CONDUCT FURTHER DISCOVERY**

**COMES NOW**, Champion Enterprises, Inc. (hereinafter referred to as "CEI"), by and through counsel of record, and moves this Honorable Court to alter, amend or vacate its order dated the 13th day of December, 2006 (Doc. 28) denying Champion Enterprises, Inc.'s (hereinafter referred to as "CEI") Motion to Strike (Doc. 25) and in support thereof states as follows:

1.  Pursuant to an Order of this Court, the discovery deadline was set the 6th day of November, 2006 (Doc. 12). On that same date, plaintiffs responded to CEI's written discovery and failed to disclose any testimony or documents from Edward Sauls. The Affidavit and documents submitted by Mr. Sauls were not disclosed until the filing of Plaintiff's Response to Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (hereinafter referred to as "Plaintiffs' Response") (Doc. 24) on the 30th day of November, 2006. .

2.  On the 4th day of December, 2006, CEI moved to strike Exhibit I to Plaintiff's Response, including any documents purporting to support statements in said exhibit and any and all references to Exhibit I in Plaintiff's Response.

1

3. Exhibit I to Plaintiffs' Response consists of the Affidavit of Edward Sauls with attached documents and was filed the 30th day of November, 2006. Exhibit I to Plaintiffs' Response was not previously disclosed to CEI even though CEI timely requested the production of such information through formal discovery. Additionally, the 6th day of November, 2006 was the discovery deadline in this matter (Doc. 12) and the Affidavit was not signed until the 21st day of November, 2006, some fifteen (15) days after the discovery deadline expired. Furthermore, Exhibit I to Plaintiffs' Response fails to provide the qualifications necessary in order to establish that Mr. Sauls has the expertise to render the proffered opinion testimony and contains conclusory and unsupported statements based upon faulty interpretations.

4. Based on the foregoing, Exhibit I to Plaintiffs' Response is due to be stricken from the record. In the alternative, CEI requests leave of court to depose Mr. Sauls and an opportunity to submit a response to the Mr. Sauls' previously undisclosed and untimely testimony.

**WHEREFORE PREMISES CONSIDERED**, CEI prays that this Honorable Court will alter, amend or vacate its order denying CEI's Motion to Strike or, in the alternative, grant CEI leave to depose Mr. Sauls and file a response to Exhibit I to Plaintiffs' Response and for such other or different relief as is just.

Respectfully submitted,

**RITCHEY & RITCHEY, P.A.**

Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Home Builders Co.
and Champion Enterprises, Inc.

OF COUNSEL:
RITCHEY & RITCHEY, P.A.
P.O. Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:    205.271.3105
Facsimile:     205.271.3111

## CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that on the 22nd day of December, 200 6 , I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103

/s/ RSWL
OF COUNSEL

3