IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

NICHOLAS STRICKLAND, *et al.*,        *

                    *

    Plaintiffs,           *

                    *

v.                     *     Case Number: 1:06-CV-00682-DRB

                    *

CHAMPION ENTERPRISES, INC., *et al.*,   *

                    *

    Defendants.         *

## REPORT OF PARTIES' PLANNING MEETING

    1.   Pursuant to Fed. R.Civ. P. 26(f), a meeting was held on the 2nd day of January, 2007 and was attended by:

| Counsel: | Parties: |
|---|---|
| C. Gibson Vance, Esquire | Plaintiffs: Nicholas and Jennifer Strickland |
| Gregory S. Ritchey, Esquire | Defendants: Champion Home Builders Co. and Champion Enterprises, Inc. |

**SPECIAL NOTE**: This case involves allegations of improper design and construction of exterior walls in manufactured housing and defendants claim issues related to the preemptive effect of the HUD code. This case is one of several recently filed cases by plaintiffs' attorney's firm against several different manufacturers. Based on the foregoing, extensive research, testing and examinations may take place with regard to manufactured homes and it is expected that several experts will be employed by both the plaintiff and defendants. Thus, it is believed that sufficient time will be needed in order to conduct the discovery in this matter. Additionally, there are several dispositive motions pending and the parties respectfully suggest some deadlines may need to be changed following rulings on the motions. With the above in mind, the parties offer the following as their report:

    2.   **Pre-discovery Disclosures.** The parties will exchange by the expiration of thirty (30) days following the date of the entering of the scheduling order, the information require by Fed.R.Civ.P. 26(a)(1).

    3.   **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

1

Discovery will be needed on the following subjects:  Claims involving the alleged breach of the express warranty; alleged violations of the Magnuson-Moss Warranty Act; alleged breach of implied warranties; alleged negligence, fraud and wantonness; allegations under the Alabama Extended Manufacturers Liability Doctrine and allegations related to the claimed improper design and construction of exterior walls in violation of the HUD Manufactured Home Construction and Safety Standards.

All discovery commenced in time to be completed by November, 30, 2007.

A maximum of forty (40) interrogatories by each party to any other party.  Responses due thirty (30) days after service.

A maximum of forty (40) requests for production by each party to any other party.  Responses due thirty (30) days after service.

A maximum of thirty (30) requests for admission by each party to any other party.  Responses due  thirty (30) days after service.

A maximum of 8 depositions by plaintiff and 8 depositions by defendant, in addition to depositions of the parties or their representative or designated experts.

Each deposition, other than depositions of the parties or their representative or designated experts, limited to a maximum of six (6) hours unless extended by agreement of the parties.

Reports from retained experts under Rule 26(a)(2) due:
       from plaintiff by the 2nd day of February, 2007;
       from defendant 30 days following the deposition of plaintiffs' experts.

Supplementation under Rule 26(e) due within 21 days of the discovery of information requiring supplementation under Rule 26(e).

    4.      **Other Items.**

The parties request a conference with the court before entry of the scheduling order.

The parties request a pretrial conference sixty (60) days prior to the date the matter is scheduled for trial.

Plaintiff should be allowed until the 28th day of February, 2007 to join additional parties and until the 16th day of March, 2007 to amend the pleadings.

Defendant should be allowed until the 30th day of March, 2007 to join additional parties and until the 16th day of April, 2007 to amend the pleadings.

All potentially dispositive motions should be filed on or before the 14th day of January, 2008.

Settlement cannot be evaluated until after initial disclosures are exchanged, but may be enhanced by using the following alternative dispute resolution procedure:    Mediation.

Final list of witnesses and exhibits under Rule 26(a)(3) should be due
    from plaintiff on or before the 31st day of August, 2007.
    from defendant on or before 30th day of September, 2007.

Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3), and for any witness or exhibit that any party was not provided fair notice, such party may depose such witness or witnesses within a reasonable time thereafter.

This case should be ready for trial May, 2008 and is expected to take approximately 5 days.

5.    **Other Matters.**    None.

Dated this 5th day of _____, 2007

Respectfully submitted,

RITCHEY & RITCHEY, P.A.

_____
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Home Builders Co.
and Champion Enterprises, Inc.

**OF COUNSEL:**
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, Alabama  35259-0069
Direct Dial:    205.271.3105
Facsimile:    205.271.3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 5th day of _____, 200__, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103



OF COUNSEL