IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS STRICKLAND, et al., | * |
| | * |
| Plaintiffs, | * |
| | * Case Number: 1:06-CV-682-TFM |
| v. | * |
| | * |
| CHAMPION ENTERPRISES, | * |
| INC., et al. | * |
| | * |
| Defendants. | * |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND SUPPLEMENT TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

COME NOW, the Plaintiffs by and through their undersigned counsel of record, and hereby provides their response to Defendants' Second Supplement to Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and state as follows:

1. Plaintiffs adopt in its entirety, Plaintiffs' Response to Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, filed with this Honorable Court on November 30, 2006.

2. Plaintiffs, in their complaint, have alleged Champion Enterprises, Inc. (hereinafter referred to as Champion or Champion Enterprises), is the parent corporation of Champion Home Builders Company and that Champion Home Builders Company and its subsidiaries operated solely as the alter egos of Champion. The issue of alter ego is one which has been decided numerous times both in Alabama State Appellate Courts and in the 11th Circuit. In Alabama

state courts, the case most cited for the determination of alter ego issues is *Duff v. Southern Railway Company* 496 So. 2d 760 (1986). In 1996, the Middle District of Alabama addressed this issue. (P*erry v. Household Retail Services, Inc, et al* 953F. Supp 1378 (1996).

In *Perry,* Judge Dement ruled upon Defendant Household International, Inc.'s Motion to Dismiss and for Summary Judgment. It was stated in *Perry* that, in order to establish that one party is the alter ego of another party, or to pierce the corporate veil, one must show the following:

- a. The dominant party must have complete control and domination of the subservient corporations' finances, policy and business practices so that at the time of the transition, the attacked subservient corporation had no separate mind, will, or existence of its own;

- b. The control must have been misused by the dominant party. Although fraud or the violation of statutory or other positive legal duty, is misuse of control, when it is necessary to prevent injustice or inequitable circumstances, misuse of control will be presumed;

- c. The misuse of this control must approximately cause the harm or unjust loss complained of.

The *Perry* case also stated, "given the fact intensive nature of this analysis, the determination is typically one to be resolved at trial, where the tryer of fact can make choices as to the credibility and weight of the evidence. However, this is to be read in light of Rule 56, which allows Summary Judgment if a trial could have but one result." *Id* citing, In Re Silicone Breast Implants Product Litigation, 837f Supp 1128, (N.D. ALA. 1993).

3. Plaintiffs have established, by clear and admissible evidence, eight (8) elements of the "Duff Analysis". In the Duff case itself, only four (4) elements

were proven. In the <u>Perry</u> case, the court found only three (3) elements and denied summary judgment. In <u>Hollingshead,</u> Judge Dement found four (4) elements present and ruled the Plaintiff had established "alter ego".

Also, Plaintiffs have established Champion Enterprises is continuously misusing its control of its subsidiaries. Put simply, Champion Enterprises, on a day-to-day basis, is controlling the design, manufacturing and sales of the homes such as the one purchased by the Plaintiffs. It is clear Champion Enterprises is attempting to control the process, reap the benefits and avoid any and all liability. Injustice is not only to be presumed, but is open and obvious.

Plaintiffs, Nicholas Strickland and Jennifer Strickland have clearly and proximately been damaged by the "shell game" that Champion Enterprises continues to play. Mr. and Mrs. Strickland are now burdened with the ownership of a defective manufactured home. A home designed and manufactured under the direction and control of Champion Enterprises.

Wherefore, based upon the above stated premises, the Plaintiffs would respectfully request this Honorable Court deny Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

/s/ C. Gibson Vance
C. Gibson Vance (ASB-1923-N77C)

## CERTIFICATE OF SERVICE

    I hereby certify that on April 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following.

    Gregory S. Ritchey, Esquire
    Richard S. Walker, Esquire
    Ritchey & Ritchey, P.A.
    P.O. Drawer 590069
    Birmingham, Alabama 35259-0069
    greg@ritcheylaw.com
    richard@ritcheylaw.com

    /s/ C. Gibson Vance
    OF COUNSEL