IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NICHOLAS STRICKLAND, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case Number: 1:06-CV-00682-TFM |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

**REPLY TO PLAINTIFFS' RESPONSE TO SECOND SUPPLEMENT
TO MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, Champion Enterprises, Inc. (hereinafter referred to as "CEI"), by and through counsel of record, and provides the following as its reply to the Plaintiffs' response to its Second Supplement to the Motion to Dismiss, or in the alternative, Motion for Summary Judgment (the Second Supplement to the Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. No. 39) is hereinafter referred to as the "Second Supplement", the Supplement to Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. No. 18) is hereinafter referred to as the "First Supplement" and the original Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. No. 5) is hereinafter referred to as the "Original Motion"):

**A. Plaintiffs Failed to Produce any Evidence To Meet Their Burden**

In accordance with *United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama*, 941 F.2d 1428 (11th Cir. 1991), it was Plaintiffs' burden to "make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof". *Id.* at 1438; *citing Celotex Corp. v. Catrett*, 477 U.S.

1

317, 323 (1986).  In its Second Supplement, CEI references specific parts of the record to establish that Sauls could not support the statements in his Affidavit.  Not a single reference to the record was made by Plaintiffs to contradict anything set for in CEI's Second Supplement. In opposing a motion for summary judgment, Plaintiffs "may not rely on his pleadings to avoid judgment against him." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995); *Ryan v. Int'l Union of Operating Eng'rs, Local 675,* 794 F.2d 641, 643 (11th Cir.1986); *Avirgan v. Hull,* 932 F.2d at 1577 (holding a nonmoving party "cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial.") (internal citations omitted). "The evidence presented cannot consist of conclusory allegations or legal conclusions." *Avirgan v. Hull,* 932 F.2d at 1577, citing *First National Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).  It is "not a function of the district court to distill every potential argument that could be made based upon the materials before it on summary judgment, rather the onus is upon the parties to formulate arguments to support their positions" *Lett v. Reliable Ruskin*, 2006 U.S. Dist. LEXIS 50541, at *32-33 (Ala. M.D. July 24, 2006) (citing *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

      Plaintiffs' claim in their Response to Defendants' Second Supplement to Motion to Dismiss or, in the alternative, Motion for Summary Judgment (hereinafter referred to as "Plaintiffs' Response") that they established "by clear and admissible evidence, eight (8) elements of the [']Duff Analysis[']." However, no citation to the record is given to support this statement.

Furthermore, it was brought to Plaintiff's attention that, in order to defeat CEI's motion for summary judgment, Plaintiffs had the burden of proving each of the three prongs of the alter ego theory:

(1) The dominant party must have complete control and domination of the subservient corporation's finances, policy and business practices so that at the time of the attacked transaction the subservient corporation had no separate mind, will, or existence of its own;
(2) The control must have been misused by the dominant party. Although fraud or the violation of a statutory or other positive legal duty is misuse of control, when it is necessary to prevent injustice or inequitable circumstances, misuse of control will be presumed.
(3) The misuse of this control must proximately cause the harm or unjust loss complained of.

*Messick v. Mooring*, 514 So. 2d 892, 894-95 (Ala. 1978). Plaintiffs failed to meet their burden on any of these elements.

**B. Plaintiffs Have Failed to Prove Complete Control and Domination**

As expressed in the Second Supplement, although Sauls in his Affidavit gave opinions such as "The *parent* corporation finances the *subsidiary*"; "The *subsidiary* has grossly inadequate capital"; "The *parent* corporation pays the salaries and other expenses or losses of the *subsidiary*"; and "The *parent* corporation uses the property of the *subsidiary* as its own" (emphasis added), Sauls experienced difficulty in definitely stating who was the parent and who was the subsidiary.[1]  (Sauls Depo., pp. 54-70, generally).

The clear and admissible evidence before this Court establishes that Plaintiffs' expert, Edward Sauls (hereinafter referred to as "Sauls"), affirmatively stated that he completely and totally disregarded in his opinions and calculations financial information related to Champion Home Builders Co. (hereinafter referred to as "CHB") as he disregarded the "CHB" column in

---

[1] There are only two defendants in this action, CEI and Champion Home Builders Co., improperly named in the Complaint as Champion Home Builders Co., Inc.

the 10-Ks. (Sauls Depo. pp. 70, 11-23; 71, 1-23; 72, 1-23; 73, 1-23; 74, 1-23: 75, 1; 124, 7-18; 129, 6-9).

All of Saul's opinions related to the "parent" and "subsidiary", which in this case can only refer to CEI and CHB, are flawed since he completely disregarded the financial information related to CHB. (Sauls Depo. pp. 70, 11-23; 71, 1-23; 72, 1-23; 73, 1-23; 74, 1-23: 75, 1; 124, 7-18; 129, 6-9). It is respectfully submitted that because Sauls failed to take into consideration the financial information related to CHB in forming his opinions, all opinions are due to be disregarded in their entirety.

### C. Plaintiffs Failed to Prove Misuse of Control

Under the second prong of the alter ego theory, Plaintiffs must prove misuse of control. Even after the invitation to produce evidence to meet their burden, Plaintiffs failed to cite to any portion of the record in support of their misuse of control argument. Plaintiffs offered no evidence in the record that the home in question is defective. Plaintiffs offered no evidence in the record that CEI caused CHB to build the home in question, an allegation from their complaint that they have not supported with evidence. The testimony of Goltz actually deconstructed any notion of domination and misuse of control as the testimony clearly shows that CEI does not control the day-to-day operations of CHB as is claimed by Plaintiffs. (Goltz Depo., Ex. A to First Supplement, p. 67, 12-18). Plaintiffs failed to offer any evidence that Plaintiffs are damaged or that proximate harm resulted from misuse of control. They simply rely on conclusory statements, without any factual support.

### D. Plaintiffs Failed to Prove Proximate Harm

Plaintiffs argue that they have "clearly and proximately been damaged," but again, there is no cite to the record and no evidence offered to support their argument. Plaintiffs have failed

to produce any evidence of harm or proximate cause of harm. Instead of evidence, Plaintiffs make a sweeping statement that the damage is "clear". (Plaintiffs' Response, p. 3) This is insufficient to meet the burden, placed on Plaintiffs by Federal Rule of Civil Procedure 56 (e), of introducing admissible evidence to prove their case.

### E. Piercing the Veil of CEI is Against Public Policy

In accordance with SEC regulations, Sarbanes-Oxley requirements and other federal laws, CEI has formulated guidelines and other documents with regard to its operation. (Goltz Depo., Ex. A to First Supplement, p. 42, 16-25; p. 45, 21-25; p. 46, 1-25; p. 55, 2-7; p. 72, 2-25; p. 73, 1-12; Strickland00040-Strickland00074). Plaintiffs' desire to pierce the veil of a publicly traded, Sarbanes-Oxley compliant company is outlandish. Plaintiffs cannot show, through conclusory statements and unverified allegations, that CEI, which is traded on the New York Stock Exchange, has so violated corporate formalities so all due process should be disregarded in order to manufacture personal jurisdiction over CEI.

Even assuming Plaintiffs, through the unreliable testimony of Sauls, did establish that CEI exercised some control over its subsidiary, a point Defendants do not concede, under Alabama law, "[m]ere domination or control of a corporation by its stockholders cannot be enough to allow a piercing of the corporate veil. There must be the added elements of misuse of control and harm or loss resulting from it." *First Health, Inc. v. Blanton*, 585 So. 2d 1331, 1335 (Ala. 1991). Plaintiffs have failed to establish the other two prongs. Plaintiffs have not even attempted to produce admissible evidence that the other two prongs can be proven. Plaintiffs must offer more than conclusory statements in order to survive this motion for summary judgment and pierce the corporate formalities of such a well-established corporation.

### F. **Plaintiffs Failed to Show Sufficient Minimum Contacts.**

5

Also noticeably absent from Plaintiffs Response is admissible evidence CEI has sufficient minimum contacts with the state. It is undisputed that CEI does not conduct or transact business in the state of Alabama; is not registered or licensed to do business in Alabama; did not sell the home to plaintiffs over the internet; has no agents or offices in Alabama; does not operate or run the internet site; owns no property in the state; does not sell anything into Alabama; has not delivered anything into Alabama; and does not advertise in Alabama. (Goltz Depo., Ex. A to First Supplement, p. 84, 1-10; p. 92, 15-25; p. 93, 1-4; Ex. A to Original Motion ). Therefore, CEI does not have sufficient minimum contacts with the forum state and it would offend the traditional notions of fair play and substantial justice for CEI to be required to defend this action in Alabama.

**WHEREFORE PREMISES CONSIDERED,** CEI prays that this Honorable Court will grant its motion for summary judgment and for such other or different relief as is just.

Respectfully Submitted,

**RITCHEY & RITCHEY, P.A.**

/s/ Gregory S. Ritchey
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Home Builders Co. and Champion Enterprises, Inc.

**OF COUNSEL:**
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, AL 35259-0069
Telephone: 205.271.3100
Facsimile: 205.271.3111

## **CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that on the 20th day of April, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103

                                          /s/ Gregory S. Ritchey
                                          OF COUNSEL