IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **NICHOLAS STRICKLAND,** *et al.,* | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case Number: 1:06-CV-00682-TFM |
| | * | |
| **CHAMPION ENTERPRISES, INC.,** *et al.,* | * | Unopposed |
| | * | |
| Defendants. | * | |

## MOTION TO AMEND SCHEDULING ORDER

**COMES NOW** Champion Home Builders Co. and moves to amend the Uniform Scheduling Order (Doc. 34), and as grounds therefore states as follows:

1. An Amended Witness List (Doc. 54) was filed after the discovery deadline. An objection to the Amended Witness List (Doc. 55) was also filed. Following the objection, it was brought to the Court's attention that some of the deadlines may be too restrictive, given that there is a trial setting in June 2008.

2. Based on the foregoing, the parties wish to jointly propose the revised deadlines set forth herein.

3. The parties jointly propose that the pretrial hearing be moved to the week of the 19th of May 2008.

4. The parties jointly propose that the deadline for dispositive motions be moved to the 18th day of February 2008.

5. The parties jointly propose that the discovery deadline be moved to the 18th day of January 2008.

6. The parties jointly propose that the deadline to conduct face-to-face settlement conference be moved to the 14th day of March 2008.

7. The parties jointly propose that the deadlines in Section 10 be adjusted as follows:

> Section 10. The parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition that a party expects to use at trial. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition not so listed, with the exception of parts of depositions to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed within **SEVEN DAYS** of the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.
>
> From Plaintiff(s):   January 28, 2008
> From Defendant(s):   February 11, 2008

8. The parties jointly propose that the deadlines in Section 11 be adjusted as follows:

> Section 11. The parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.
>
> From Plaintiff(s):   December 31, 2007
> From Defendant(s)    January 31, 2008

**WHEREFORE, PREMISES CONSIDERED**, the Parties pray that the Scheduling Order will be adjusted to reflect the above agreed upon changes and for such other and different relief as is just.

Respectfully submitted,

RITCHEY & SIMPSON, PLLC


/s/ Gregory S. Ritchey
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Home Builders Co.

**OF COUNSEL:**
RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, Alabama  35216-3084
Direct Dial:    205.876.1600
Facsimile:    205.876.1616

**CERTIFICATE OF SERVICE**

    I, the undersigned, do hereby certify that on the 19th day of December, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
C. Lance Gould, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103


/s/ Gregory S. Ritchey
OF COUNSEL