IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS STRICKLAND, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-682-TFM |
| ) | |
| CHAMPION HOME BUILDERS CO., INC. ) | |
| ) | |
| Defendant. ) | |

**SECOND AMENDED SCHEDULING ORDER**

Pursuant to the request of the parties a Second Amended Scheduling Order is issued. The parties shall still refer to the original Scheduling Order (Doc. 34) for any dates not specifically impacted by this Second Amended Scheduling Order.

**SECTION 1.  TRIAL DATE**:   The **jury trial** shall commence on **October 20, 2008**, with jury selection at **10:00 a.m.**, in the Federal Building & United States Courthouse, 100 West Troy Street in **Dothan, Alabama**.

As provided in Fed.R.Civ.P. 16(d), a **final pretrial conference** in this case, is set at **10:00 a.m.,** on **July 17, 2008**,[1] in District Courtroom 4A, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, **Montgomery, Alabama**. This conference shall be attended by at least one of the attorneys who will try the case for each of the parties and by any party who is not represented by an attorney. The court will address the matters provided for in Rule 16 (c). All motions which have not been submitted or ruled on will be heard at this time. **The parties are DIRECTED to prepare jointly a proposed pretrial order consistent with the outline available on the court's website.** The plaintiff shall ensure that the original of the proposed pretrial order is received by the court **July 10, 2008;** the order shall be transmitted in WordPerfect (preferred) or Microsoft Word format to

---

[1] The parties requested July 15, 2008 as the date for the pretrial conference, however, the Court's schedule cannot accommodate that date and so the Court has set the pretrial conference for

propord_moorer@almd.uscourts.gov

**SECTION 2.** Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **March 31, 2008**. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 3.** On or before **April 25, 2008**, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not less than **FIVE (5) DAYS** after this conference (**May 2, 2008**), counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation." This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.

**SECTION 7.** All discovery shall be completed **on or before February 29, 2008,** except that, as to any witnesses whose names are not revealed with until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witness.

**SECTION 9.** Pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, the parties shall exchange, the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Paragraph 8. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

    **From Plaintiff(s):**    **February 11, 2008**
    **From Defendant(s):**    **February 25, 2008**

**SECTION 10.** The parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition that a party expects to use at trial. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition not so listed, with the exception of parts of depositions to be used solely for the purpose of impeachment.

Except to the extent written objections are served and filed within **SEVEN DAYS** of the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

      **From Plaintiff(s):**      **June 11, 2008**
      **From Defendant(s):**      **July 2, 2008**

      The parties shall within **SEVEN DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto.

      **SECTION 11.** The parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.

      **From Plaintiff(s):**      **June 11, 2008**
      **From Defendant(s):**      **July 2, 2008**

      Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written objections are served and filed no later than **TWO WEEKS PRIOR TO THE SCHEDULED TRIAL DATE**, the evidence shall be deemed genuine and admissible in evidence. The written objections shall set forth the grounds and legal authorities. All trial exhibits must be premarked prior to trial.</u>

      DONE this 18th day of January, 2008.

                            /s/ Terry F. Moorer
                            TERRY F. MOORER
                            UNITED STATES MAGISTRATE JUDGE